Antonio Cordova PATINO, Petitioner,

v.

Michael B. MUKASEY, Attorney General, Respondent.

Antonio Cordova Patino, Petitioner,

v.

Michael B. Mukasey, Attorney General, Respondent.

Nos. 06–75747, 07–72053.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 8, 2008.*

Filed Sept. 12, 2008.

Ste. F, Martinez & Martinez, Modesto, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Manuel A. Palau, DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: TASHIMA, SILVERMAN, and N.R. SMITH, Circuit Judges.

MEMORANDUM **

Antonio Cordova Patino, a native and citizen of Mexico, petitions for review of

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

the Board of Immigration Appeals' ("BIA") denial of his application for cancellation of removal based on petitioner's failure to establish exceptional or extremely unusual hardship to his United States citizen children. Petitioner also seeks review of the denial of his motion to reopen removal proceedings which was based on petitioner's new evidence of hardship.

We lack jurisdiction to review petitioner's challenge to the BIA's discretionary determination that petitioner failed to show exceptional and extremely unusual hardship to his qualifying relatives. *See Romero–Torres v. Ashcroft,* 327 F.3d 887, 890 (9th Cir.2003). We, therefore dismiss petitioner's petition for review from the BIA's underlying denial of his application for cancellation of removal relief.

In his motion to reopen, petitioner offered new evidence of hardship by submitting evidence that his children were suffering depression and educational difficulties in the wake of deportation proceedings against petitioner. We conclude that the BIA considered the new evidence, and acted within its broad discretion in determining that the evidence was insufficient to warrant reopening. *See Singh v. INS,* 295 F.3d 1037, 1039 (9th Cir.2002) (the BIA's denial of a motion to reopen shall be reversed shall be reversed only if it is "arbitrary, irrational, or contrary to law").

**PETITION FOR REVIEW DISMISSED in No. 06–75747; PETITION FOR REVIEW FOR REVIEW DENIED in No. 07–72053.**

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.